UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BECKY'S BRONCOS, LLC ;<br>JAMES BROAD; and<br>REBECCA MCCRENSKY,<br>    Plaintiffs,<br><br>VS.<br><br>TOWN OF NANTUCKET; and<br>NANTUCKET TOWN SELECT BOARD,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:24-cv-11308-AK<br>)<br>)<br>)<br>) |

**DEFENDANTS TOWN OF NANTUCKET AND NANTUCKET SELECT BOARDS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME the Defendants, the Town of Nantucket and the Town of Nantucket Select Board (collectively, the "Town") and hereby move, pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Plaintiffs' Becky's Broncos, LLC, James Broad, and Rebecca McCrensky (collectively, the "Plaintiffs") Verified Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

In this action, Plaintiffs bring several civil rights and antitrust claims against the Town, predicated upon their allegations that the Town's Rental Vehicle Bylaw, Chapter 58 ("Chapter 58"), enacted in 1988, amended in 1997, and approved by the Attorney General's Office, is discriminatory and anticompetitive. As set forth in the Town's Memorandum of Law, which is incorporated herein by reference, each Count of Plaintiffs' Verified Complaint fails to state a claim, and therefore, should be dismissed. In support of their Motion to Dismiss, the Town states:

- Plaintiffs' substantive and procedural due process claims fail to state a claim because Plaintiffs have no constitutionally protected property interest in a license they merely applied for and have never held. Furthermore, Plaintiffs' substantive due process claim fails because even accepting Plaintiffs' speculative and conclusory allegations as true, Plaintiffs fail to allege facts sufficient to show that they were deprived of a protected property interest through governmental action that shocks the conscience.

1

- Plaintiffs' equal protection claim fails because Plaintiffs fail to sufficiently allege similarly situated comparators to support their claim.

- Plaintiffs' claim under the dormant commerce clause fails because Plaintiffs own pleadings demonstrate that approximately 44% of the Rental Vehicle Medallions Plaintiffs claim entitlement to are held by an out-of-state, Delaware incorporated company. Moreover, Plaintiffs' conclusory allegations that Hertz is a "red herring" need not be credited by this Court and find no factual support in Plaintiffs' allegations.

- Plaintiffs' Sherman Act claim fails because Plaintiffs have failed to allege that the Town has "market power" in the rental vehicle market, and because the Town is immune from liability under state action immunity.

- Plaintiffs' state-law antitrust claim likewise fails, because the Supreme Judicial Court has interpreted the Massachusetts antitrust act as providing immunities consistent with that available under Federal law. *See Com. v. Mass. CRINC,* 392 Mass. 79, 90 (1984).

- Plaintiffs fail to state a claim under the Federal Equal Rights Law for the simple reason that 42 U.S.C. § 1981 provides for no implied right of action for damages against state actors. *Buntin v. City of Bos.*, 857 F.3d 69, 73 (1st Cir. 2017), *citing Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-33 (1989).

- Plaintiffs fail to state a claim under the Massachusetts Equal Rights Act because they failed to allege the existence of a contract between them and the Town or its Select Board and because, beyond mere conclusory allegations this Court is not bound to adopt, Plaintiffs failed to show that the Town engaged in purposeful, intentional discrimination in enacting, amending, or enforcing Chapter 58.

- Plaintiffs fail to state a claim under G.L. c. 272, § 98 because it is insufficiently pled and does not set forth a short and plain statement showing that they are entitled to relief.

WHEREFORE, the Town respectfully requests that this Honorable Court allow its Motion to Dismiss Plaintiffs' Verified Complaint for failure to state a claim, along with any other such relief the Court deems just.

The Defendants,
TOWN OF NANTUCKET; and
NANTUCKET TOWN SELECT BOARD,
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*

_____
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jcrotty@piercedavis.com
mhamel@piercedavis.com

Dated:  June 6, 2024

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for the defendants hereby certifies, pursuant to Local Rule 7.1(A)(2), that on June 6, 2024, counsel conferred in good faith with counsel for the plaintiffs in an effort to resolve the issues related to Defendants Town of Nantucket and Nantucket Select Boards' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

*/s/ Matthew J. Hamel*

_____
Matthew J. Hamel

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 6, 2024.

*/s/ Matthew J. Hamel*

_____
Matthew J. Hamel