UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BECKY'S BRONCOS, LLC; ) <br> JAMES BROAD; and REBECCA MCCRENSKY; ) <br> Plaintiffs ) <br> v. ) <br> TOWN OF NANTUCKET; and ) <br> NANTUCKET TOWN SELECT BOARD; ) <br> Defendants ) | C.A. No. 1:24-cv-11308-AK |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL
FROM DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a)(1), plaintiffs Becky's Broncos, LLC, James Broad, and Rebecca McCrensky (Plaintiffs) respectfully move this Court to stay proceedings in this action – including any decision on the outstanding motion to dismiss (Doc. No. 12) of defendants Town of Nantucket and Nantucket Town Select Board (Defendants) – pending resolution of the appeal from this Court's denial of Plaintiffs' motion for preliminary injunction before the First Circuit. Becky's Broncos, LLC v. Town of Nantucket, No. 24-1649 (1st Cir. docketed July 15, 2024); (Doc. No. 24). Grounds therefore are as follows.

ARGUMENT

This Court and the First Circuit have considerable discretion in staying these proceedings pending appeal. Fed. R. Civ. P. 62(d) and (g); Fed. R. App. P. 8(a)(1) and (2). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Am. Sales Co., LLC v. Warner Chilcott Pub. Co., No. CIV.A. 13-347 S, 2013 WL 4016925, at *1 (D.R.I. Aug. 6, 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936));

see also Clinton v. Jones, 520 U.S. 681, 706 (1997). Although Landis describes the necessity to make out a clear case of hardship to establish the need for a stay, that is only where the stay may "work damage to someone else." Landis, 299 U.S. at 255. Here, that is not the case, as Plaintiffs' motion for a preliminary injunction was denied. (Doc. No. 23). Defendants' challenged bylaw, thus, continues unabated. (Doc. No. 23). A brief stay so that the Court of Appeals can rule on the immunity[1] of Defendants does not prejudice defendants here. On the contrary, it avoids the necessity for all parties, defendants included, to double back in discovery or after a judgment. It allows Plaintiffs to effectively pursue their appeal and try to save their business and home and family lives, which are at imminent risk. (Doc. No. 10, p. 2). Damages are unavailable under federal antitrust laws. (Doc. No. 17, p. 3.) Thus, they are *irreparable* on appeal from a final judgment therefrom. It also allows this Court to rule with clarity on the outstanding motion to dismiss and to fashion discovery accordingly. It just makes sense all around.

A stay is appropriate where the balance of equities favors it, including likelihood of success on appeal, harm to movants, harm to nonmovants, and the public interest, taking into account if the case raises substantial difficult or novel legal issues meriting a stay. 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2904, pp. 677-80 (3d ed. 2012) (citing cases). Here, the balance of equities is solidly with Plaintiffs and resolution of the immunity issue before dismissal and discovery is in everyone's interest, the court, the parties, and the public, which benefit from timely and correct justice. As set forth below, Defendants are not likely to succeed on the immunity issue on appeal.

---

[1] In denying Plaintiffs motion for preliminary injunction, this Court ruled that Defendants are immune under antitrust law. (Doc. No. 23, pp. 7-8).

Plaintiffs operated an unlicensed car rental business on Nantucket until they were shut down under Nantucket Bylaw Chapter 58. (Doc. No. 23, pp. 1-3.) "Under the terms of the bylaw, however, the Select Board 'shall' annually issue licenses to all paying applicants. Doc. No. 1-6; Bylaw § 58-3(A). In practice, however, 'there is no procedure for a new applicant to get a license.' Doc. No. 20, p. 24 (testimony at preliminary injunction hearing of Town licensing administrator)." (Doc. No. 22, p. 1). Since the current licensing administrator started nine (9) years ago, the Town has barred all new applicants, processing only renewals. (Doc. No. 20, pp. 8, 24). Plaintiffs sought a preliminary injunction ordering Defendants not to enforce c. 58 against Plaintiffs during the pendency of this litigation; (Doc. No. 9); which this Court denied on July 12, 2024; (Doc. No. 23). Plaintiffs have filed a notice of appeal; (Doc. No. 24); which was docketed on July 15, 2024; Becky's Broncos, LLC v. Town of Nantucket, No. 24-1649 (1st Cir. docketed July 15, 2024).

Chapter 58, and Nantucket's enforcement thereof, are violations of federal and state antitrust laws. (Doc. No. 10, pp. 8-12; Doc. No. 17, pp. 3-4; Doc. No. 22, pp. 9-11). In denying Plaintiff's motion for preliminary injunction, this Court ruled that Defendants are immune under those laws. (Doc. No. 23, pp. 7-8). Municipalities are immune from antitrust laws if they act "pursuant to a 'clearly articulated and affirmatively expressed state policy to displace competition.'" (Doc. No. 23, p. 8) (quoting F.T.C. v. Phoebe Putney Health Sys. Inc., 568 U.S. 216, 226 (2013). Clear articulation is a high bar for defendants. See Cantor v. Detroit Edison Co., 428 U.S. 579, 597 (1976). Immunity is not available unless the legislature "fores[aw] and implicitly endorsed the anticompetitive effects as consistent with its policy goals." Phoebe Putney, 568 U.S. at 229. Twice in the past ten years the Supreme Court has stressed that the clear articulation test is a demanding requirement. In 2013, a unanimous decision in Phoebe

Putney chided the Eleventh Circuit for applying "our clear-articulation test too loosely." 568 U.S. at 229. Then, in 2015, the Supreme Court emphasized that clear articulation "by itself" "rarely will achieve [the] goal" of showing that "an anticompetitive policy is indeed the policy of a State." State Board of Dental Examiners v. FTC, 574 U.S. 494, 507 (2015).

Relying on the state legislature's special law in 1989 "grant[ing] Nantucket the authority 'to enact by-laws requiring the annual licensing of motor vehicle rental agencies[,]'" this Court ruled the Defendants immune. (Doc. No. 23, p. 8) ("The suppression of competition in the car rental industry in Nantucket is the foreseeable result of a state legislature allowing the town to enact bylaws requiring rental car agencies to pay for licenses to operate on the island. Thus, Plaintiffs' claim under the Sherman Act most likely fails because Nantucket is immune from Sherman Act liability.") This ruling, however, ignores the fact that the Nantucket bylaw approved by the legislature in 1989 specifically provided – and to this day *still* provides – that Nantucket *shall* issue licenses to *all* applicants. Thus, it is quite *un*foreseeable that Nantucket would turn around and later do the opposite. Further, the bylaw approved by the legislature in 1989 had *no* limit on the number of cars or market participants, unlike today's bylaw. This Court relied on Town of Hallie v. City of Eau Claire, 471 U.S. 34, 43 (1985), but therein the City was supervised by the State (unlike here) and did exactly what the legislature had explicitly provided for, fix limits of sewage service and refuse it to those areas that would not become annexed to the city. Id. at 41. Defendants here are doing *the opposite* of the original bylaw approved the legislature. Defendants have *not* cleared the high bar necessary to avail themselves of state-action immunity, and as such, are *not* immune. Thus, Plaintiffs are likely to succeed on appeal and the balance of equities favors allowing this motion.

                                      Respectfully submitted,
                                      Plaintiffs,
                                      By their attorney,

Date:  July 17, 2024              */s/ Lucas Newbill*
                                      Lucas Newbill, BBO No. 697176
                                      Law Offices of Lucas Newbill
                                      P.O. Box 1741
                                      Brookline, Massachusetts 02446
                                      Tel. 617-918-7567
                                      Fax. 617-910-2514
                                      lucas@lucasnewbill.com

## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed this day through the court's electronic-filing system (ECF) and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

Date: July 17, 2024          */s/ Lucas Newbill*
                                 Lucas Newbill, BBO No. 697176