UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BECKY'S BRONCOS, LLC ;<br>JAMES BROAD; and<br>REBECCA MCCRENSKY,<br>    Plaintiffs,<br><br>VS.<br><br>TOWN OF NANTUCKET; and<br>NANTUCKET TOWN SELECT BOARD,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:24-cv-11308-AK<br>)<br>)<br>)<br>) |

## DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO STAY LITIGATION PENDING RULING ON INTERLOCUTORY APPEAL

### I.    Introduction

The Town of Nantucket and the Nantucket Select Board (the "Defendants") hereby submit their limited opposition to Plaintiffs' Motion to Stay the District Court Litigation pending a ruling on Plaintiffs' interlocutory appeal.

On May 29, 2024, Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction. ECF Doc. Nos. 9, 10. Defendants opposed Plaintiffs' Motion. ECF Doc. No. 14. On June 13, 2024, this Court held an evidentiary hearing on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. *See* ECF Doc. No. 18. This Court issued a Memorandum and Order denying Plaintiffs' Motion for a Preliminary Injunction on July 12, 2024. *See* ECF Doc. No. 23. Plaintiffs filed their notice of appeal from the Court's ruling on July 15, 2024. ECF Doc. No. 24. Plaintiffs now ask this Court to stay the instant litigation pending the First Circuit Court's ruling on their interlocutory appeal. The Defendants, though not opposed to a limited stay of discovery pending (1) this Court's ruling on Defendants' Motion to Dismiss, *see* ECF Doc. Nos. 12, 13; and (2) the First Circuit's issuance of a briefing schedule; oppose

1

Plaintiffs' motion for a general stay of this litigation, including a stay of this Court's ruling on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    <u>ARGUMENT</u>

As a threshold matter, although typically the filing of a notice of appeal "divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal[,]" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998), *quoting United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir.1993), such is not the case for appeals from interlocutory orders. An "[a]ppeal from an interlocutory order does not divest this court of jurisdiction to proceed with matters unrelated to the appeal." *Rigby v. Damant*, 486 F. Supp. 2d 222, 225 (D. Mass. 2007). Plaintiff's appeal from the denial of their Motion for a Preliminary Injunction is interlocutory. *See First Med. Health Plan, Inc. v. Vega-Ramos*, 479 F.3d 46, 50 (1st Cir. 2007), 28 U.S.C. § 1292(a)(1). Thus, notwithstanding Plaintiffs' filing of an interlocutory appeal, this Court maintains authority to proceed with this litigation, including issuing a ruling on the Defendants' Motion to Dismiss. *See Russomano v. Novo Nordisk Inc*., No. 20-CV-10077-ADB, 2020 WL 2850253, at *3 (D. Mass. June 2, 2020) (declining, in exercise of the Court's discretion, to enter a protective order or stay discovery pending appeal). Where the Defendants' Motion to Dismiss remains pending before the Court, and where the Court's ruling on Defendants' motion may render aspects of Plaintiffs' interlocutory appeal moot, this Court should exercise its discretion not to stay this litigation in its entirety. *See Chaparro-Febus v. Int'l Longshoremen Ass'n, Loc. 1575*, 983 F.2d 325, 331, n.5 (1st Cir. 1992) (holding plaintiffs' complaints regarding preliminary injunction moot because "preliminary injunctions, which are interlocutory in nature, cannot survive a final order of dismissal").

2

Further, the factors to be assessed in determining whether to grant a stay weigh strongly against the allowance of a general stay.[1]  In determining whether to allow a motion to stay pending appeal, courts consider the following four factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Sec. & Exch. Comm'n v. Lemelson*, 619 F. Supp. 3d 246, 248 (D. Mass. 2022), *quoting Nken v. Holder*, 556 U.S. 418, 426 (2009).  "The first factor, a strong showing of a likelihood of success on the merits, requires more than a mere possibility that relief will be granted."  *Nken*, 556 U.S. at 418.  In denying Plaintiffs' Motion for a Preliminary Injunction, this Court concluded that Plaintiffs had not established a likelihood of success on any of their claims.  *See* ECF Doc. No. 23, at 6-16.  The Appeals Court's will review this Court's denial of Plaintiffs' Motion for a Preliminary Injunction for abuse of discretion, an undeniably deferential standard.[2]  *Bl(a)ck Tea Soc'y v. City Of Bos.*, 378 F.3d 8, 11 (1st Cir. 2004).  For the same reasons as set forth in this Court's Memorandum and Order, Plaintiffs have not made a strong showing that they are likely to succeed on the merits of their claims, and therefore, a general stay of this proceeding is not warranted.

This Court further concluded Plaintiffs failed to demonstrate that they would suffer irreparable harm absent a preliminary injunction.  ECF Doc. No. 23 at 14-16.  Similarly, Plaintiffs have not demonstrated that they are likely to suffer irreparable harm absent a stay.  *See Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 187 F. Supp. 3d 339, 342 (D. Mass. 2016) (denying defendant's

---

[1] Plaintiffs incorrectly suggest that the burden is on the Defendants to establish a likelihood of success on the merits.  Plaintiffs, as the party moving for a stay, bear the burden of establishing that the relevant factors weigh in favor of the allowance of their motion.  *See Cranney v. Riley*, No. CV 14-11891-GAO, 2014 WL 12577117, at *1 (D. Mass. Apr. 29, 2014).

[2] Within this framework, the First Circuit will review questions of law *de novo* and findings of fact for clear error. *Bl(a)ck Tea Soc'y v. City Of Bos.*, 378 F.3d 8, 11 (1st Cir. 2004).

3

motion for stay pending appeal where litigation would proceed regardless of result of appeal and where [as here] plaintiffs sought both damages and injunctive relief).  This is not a case in which this Court entered a preliminary injunction which stripped Plaintiffs of the ability to operate their business, Becky's Broncos.  Instead, Plaintiffs admit in their verified Complaint that they never held rental vehicle medallions or licenses under Chapter 58 in the first instance, and instead, chose to operate illegally for one season.   ECF Doc. No. 1, ¶¶ 3, 24, 26-27. *See CMM Cable Rep., Inc. v. Ocean Coast Props., Inc*., 48 F.3d 618, 620 (1st Cir. 1995) (noting the purpose of a preliminary injunction is to preserve the status quo pending full adjudication of the case's merits).  Moreover, Plaintiffs brought this lawsuit after a full season of operating Becky's Broncos illegally and concurrent with the start of 2024's summer season, and hence, any claimed "emergency" necessitating a stay is belied by Plaintiffs' own allegations.  *See Respect Maine PAC v. McKee*, 622 F.3d 13, 16 (1st Cir. 2010) (denying motion for injunction pending appeal where appellants chose not to bring suit until shortly prior to election and concluding "emergency" is largely of appellant's own making).  Plaintiffs should not be permitted to bring their Motion for a Preliminary Injunction on an emergency basis, and now seek shelter in a stay pending appeal after the Court issued an adverse decision on their motion.

Insomuch as Plaintiffs appear to rely on the unavailability of damages under the Sherman Act, *see* 15 U.S.C. § 35, to now claim irreparable harm, this argument is unpersuasive for several reasons.  First, "it is clear that battles over the quality and quantity of the harm alleged most often will be won or lost in the trial court."  *Ross-Simons of Warwick, Inc. v. Baccarat, Inc*., 102 F.3d 12, 19 (1st Cir. 1996).  Plaintiffs have lost that battle in this Court.  Second, "[i]rreparable harm *can* consist of 'a substantial injury that is not accurately measurable or adequately compensable by money damages.'"  *Ross–Simons of Warwick, Inc. v. Baccarat, Inc*., 217 F.3d 8, 13 (1st

Cir.2000), *quoting Ross-Simons*, 102 F.3d at 19 (emphasis added).  The availability or damages, however, is not the only factor in the irreparable harm equation.  Third, "mere financial loss is not irreparable harm[.]" *Do Corp. v. Town of Stoughton*, 2013 WL 6383035, at *9 (D. Mass. Dec. 6, 2013).  Where Plaintiffs never held rental car licenses nor medallions (and have no protected property or liberty interest in same), Plaintiffs have not shown that they would suffer irreparable harm in the absence of a stay.

As to the third and fourth factors, the Defendants will be brief.  The issuance of a general stay of all proceedings would substantially injure the Defendants.  Plaintiffs allege a host of constitutional and antitrust violations against the Defendants, including claims that Chapter 58 is enforced in a discriminatory manner.  ECF Doc. No. 1. The Defendants have moved to dismiss those claims for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The Defendants have an interest in swiftly bringing this litigation to an end.  To the extent Plaintiffs intend to rely on their Sherman Act Claim and the Court's conclusion at the preliminary injunction stage that the Town is shielded by the doctrine of state action immunity, it is well-settled that issues of immunity should be resolved at the earliest possible stages in the litigation.  *See Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (holding qualified immunity provides immunity to suit and should be resolved early); *Brum v. Town of Dartmouth*, 428 Mass. 684, 688 (1999) (Massachusetts Tort Claims Act immunities should be resolved early).  For substantially the same reasons, it is not in the public interest to enter a stay, which invariably and unnecessarily would delay this proceeding.

Where Plaintiffs have not established a likelihood of success on the merits nor shown that they would be irreparably harmed in the absence of a stay, the Court should deny plaintiff's request for a general stay of this litigation pending a ruling from the First Circuit on their interlocutory

appeal.  *See Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co*., 527 F. Supp. 3d 40, 46 (D. Mass. 2021) (noting first two factors in *Nken* analysis are most critical).

### III.    <u>CONCLUSION</u>

For the reasons set forth above, the Defendants respectfully request that Plaintiffs' Motion for a general stay of this litigation pending a ruling on their interlocutory appeal be denied.  The Defendants are amenable, however, to a limited stay of discovery pending (1) this Court's issuance of an order on their Motion to Dismiss; and (2) the First Circuit's issuance of a briefing schedule as to Plaintiff's interlocutory appeal.

Respectfully submitted,

The Defendants,
TOWN OF NANTUCKET; and
NANTUCKET TOWN SELECT BOARD,
By their Attorneys,

**PIERCE DAVIS & PERRITANO** LLP

*/s/ Matthew J. Hamel*
_____
Jason W. Crotty, BBO #656313
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jcrotty@piercedavis.com
mhamel@piercedavis.com

Dated:  July 18, 2024

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 18, 2024.

*/s/ Matthew J. Hamel*
_____
Matthew J. Hamel

6