UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BECKY'S BRONCOS, LLC; ) <br> JAMES BROAD; and REBECCA MCCRENSKY; ) <br> Plaintiffs ) <br> v. ) <br> TOWN OF NANTUCKET; and ) <br> NANTUCKET TOWN SELECT BOARD; ) <br> Defendants ) | Civil Action No. 1:24-cv-11308-AK |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS'
UNOPPOSED[1] FIRST MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7.1, plaintiffs Becky's Broncos, LLC, James Broad, and Rebecca McCrensky (Plaintiffs) hereby respectfully submit this memorandum of law in support of their Unopposed First Motion for Leave to Amend the Complaint as indicated in the attached proposed amended complaint in blackline form as Exhibit 1 (without exhibits) and clean form as Exhibit 2 (with exhibits).

As grounds therefor, Plaintiffs seek merely to amend the complaint to conform to the evidence uncovered at hearing on Plaintiff's motion for preliminary injunction and in public records request responses subsequent to the filing of the complaint and to narrow the claims in accordance with the First Circuit's Opinion affirming this Honorable Court's denial of Plaintiffs' motion for preliminary injunction (Doc No. 31). For instance, the First Circuit noted that Plaintiffs had failed to "produce evidence that any out-of-state enterprises seek to rent out additional cars on the Island." (Doc No. 31, p. 8.) Plaintiffs uncovered such evidence by way of

---

[1] Defendants do not plan on opposing this motion but reserve their right to file an appropriate responsive pleading to the amended complaint once filed.

a subsequent public records request response and have added such factual allegations to the amended complaint.  See ¶¶ 21-24 of the proposed amended complaint attached hereto.  The First Circuit lamented that Plaintiffs had failed to specify under which section of the antitrust laws were Plaintiffs seeking redress; (Doc No. 31, p. 10); and Plaintiffs have likewise addressed this in ¶¶ 17-30, 48, and 50 of the proposed amended complaint attached hereto.

As for state action immunity under the Sherman Act, although the First Circuit refrained from addressing it in its opinion; (Doc No. 31, p. 10 n.3); the First Circuit panel expressed great skepticism that Defendants were so entitled;

https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/24-1649_20241105.mp3 at 18:40 – 24:55 and 28:53 – 30:10.  To the extent that this Honorable Court already ruled that Defendants were so entitled in its opinion denying Plaintiff's motion for a preliminary injunction; (Doc No. 23, p. 8); based on the First Circuit's doubt as to such conclusion and the much more exhaustive and conclusive argument and case law brought forth on appeal; (Docket No. 24-1649); it would be appropriate for this Honorable Court to allow further briefing and correct itself if it feels correcting is due.  *See Champaign-Urbana News Agency, Inc. v. JL Cummins News Co., Inc.*, 632 F. 2d 680, 683 (7th Cir. 1980) ("'[L]aw of the case' merely expresse[s] the practice of courts generally to refuse to reopen what had been decided but was not a limit on their power. . . .  The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal.")

Allowance of this motion eliminates five of the original eight claims alleged, leaving only claims for violation of state and federal antitrust laws and the dormant commerce clause doctrine.  Allowance of this motion eliminates the individual plaintiffs, leaving only the corporate one.  Allowance of this motion simplifies the matter before this Honorable Court.

Allowance of this motion does not prejudice the parties – discovery has not begun nor is there a scheduling order in place as there has yet to occur a Rule 16.1 conference.  **Defendants do not plan on opposing this motion** but reserve their right to file an appropriate responsive pleading to the amended complaint once filed.

Applicable case law interpreting similar factual and procedural scenarios supports allowance of this motion.  See *Klunder v. Brown University*, 778 F.3d 24, 34-35 (1st Cir. 2015) (allowance should be given in the absence of prejudice); *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 37 (1st Cir. 2020) (Rule 15(c) extends to amendments changing plaintiffs); *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) ("[o]nce the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)").

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant this here motion.

                                        Respectfully submitted,
                                        Plaintiffs,
                                        By their attorney,

Date:   June 10, 2025                    */s/ Lucas Newbill*
                                        Lucas Newbill, BBO No. 697176
                                        Law Offices of Lucas Newbill
                                        30 Eastbrook Rd., Ste. 201
                                        Dedham, MA 02026
                                        Tel. 617-918-7567
                                        Fax. 617-910-2514
                                        lucas@lucasnewbill.com


CERTIFICATE PURSUANT TO LOCAL RULE 7.1

     I hereby certify that a conference pursuant to LR 7.1 conference with counsel for Defendants, Matt Hamel, was held in good faith on June 5, 2025.  Counsel for Defendants do not plan on opposing this motion but reserve their right to file an appropriate responsive pleading to the amended complaint once filed.

                                        */s/ Lucas Newbill*
                                        Lucas Newbill, BBO No. 697176


CERTIFICATE OF SERVICE

     I hereby certify that this document was filed this date through the court's electronic-filing system (ECF) and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

Dated: June 10, 2025       */s/ Lucas Newbill*
                                 Lucas Newbill, BBO No. 697176